UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-62648-SMITH/VALLE

SURFACES, INC.,

    Plaintiff,

v.

POINT BLANK ENTERPRISES, INC. *et al.*,

    Defendants.

_____

### ORDER ON DEFENDANTS' MOTION FOR RULE 11 SANCTIONS[1]

THIS CAUSE is before the Court on Defendants Point Blank Enterprises, Inc. and Michael Foreman's (together, the "Point Blank Defendants") Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure (the "Motion") (ECF No. 135).  United States District Judge Rodney Smith has referred the Motion to the undersigned for appropriate resolution.  *See* (ECF No. 45 at 2).  Accordingly, having reviewed the Motion, the Response (ECF No. 141), the Reply (ECF No. 143), and the record in the case, including the Point Blank Defendants' Motion to Dismiss (ECF No. 77) and Motion for Summary Judgment (ECF No. 95), and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Point Blank Defendants' Motion is **DENIED** for the reasons set forth below.

---

[1] A Magistrate Judge is authorized to enter an Order, rather than a Report and Recommendation, on a motion for sanctions that requests only attorney's fees and costs after the District Court has entered judgment or dismissed the case. *See, e.g., Jacobi v. Experian Info. Sols., Inc.*, No. 20-CV-60591, 2021 WL 8894793, at *6 (S.D. Fla. Aug. 20, 2021) ("Magistrate Judges have jurisdiction to enter sanctions orders when the result does not strike claims, completely preclude defenses, or generate litigation-ending consequences.") (citation omitted).

## I.     BACKGROUND

The background and procedural history of this case have been summarized in the Court's prior Orders, which are incorporated by reference. *See, e.g.*, (ECF No. 70) (Order Granting the Point Blank Defendants' initial Motion to Dismiss); (ECF No. 131) (Order Granting in part the Point Blank Defendants' second Motion to Dismiss); and (ECF No. 133) (Order Granting in part the Point Blank Defendants' Motion for Summary Judgment); *see also* (ECF No. 72) (Second Amended Complaint).

This is a trade secrets case involving a demonstration kit ("Demo Kit") containing surface plane magnetics ("SPM") technology that allegedly transmits data by sending an oscillating magnetic field along the surface of objects (such as pipes, roads, structures, towers, and water). (ECF No. 72 ¶ 20). In December 2020, Plaintiff filed its initial Verified Complaint against the Point Blank Defendants and Trigon International Inc., Trigon International (Florida) Inc., and Cenk Tuncay (together, the "Trigon Defendants").[2] *See generally* (ECF No. 1). Plaintiff later filed a First Amended and Second Amended Complaint against the Point Blank Defendants.[3] *See* (ECF Nos. 26, 72). More specifically, in the Second Amended Complaint, Plaintiff sought: (i) injunctive relief for misappropriation of trade secrets, in violation of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq.* ("FUTSA") (Count III); (ii) damages for misappropriation of trade secrets, in violation of FUTSA (Count IV); (iii) damages for violations of the federal Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.* ("DTSA") (Count V); and (iv) a

---

[2] The Trigon Defendants have failed to appear or otherwise respond to any Complaint in this action. Plaintiff has, therefore, filed a Motion for Final Default Judgment against the Trigon Defendants, which is pending before the District Judge. *See generally* (ECF No. 142).

[3] Although the amended complaints alleged additional counts against the Trigon Defendants, only the four counts asserted against the Point Blank Defendants are at issue in the Motion. *See supra* note 2.

preliminary and permanent injunction prohibiting the Point Blank Defendants from violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA") (Count VII). *See generally* (ECF No. 72).

In July 2022, the Point Blank Defendants filed an initial motion for Rule 11 sanctions arguing that: (i) they should never have been named as parties to this case; (ii) Plaintiff had no factual basis to support its allegations "upon information and belief;" (iii) Plaintiff had no evidence that the Point Blank Defendants accessed the Demo Kit; and (iv) Plaintiff's damages were nonexistent and speculative. *See* (ECF No. 87 at 3, 10-11, 14). As sanctions for the alleged misconduct, the Point Blank Defendants sought dismissal of the Second Amended Complaint with prejudice and payment of their fees and costs in defending the action. *Id.* at 15. The undersigned denied without prejudice Defendants' initial motion for sanctions pending the District Court's ruling on the Point Blank Defendants' Motion to Dismiss and Motion for Summary Judgment. *See* (ECF No. 99). The Court allowed the Point Blank Defendants to re-file their request for Rule 11 sanctions within 14 days from disposition of Defendants' Motion to Dismiss or Defendants' Motion for Summary Judgment, whichever came first. *Id*.

In December 2022, the District Judge granted the Point Blank Defendants' Motion to Dismiss with prejudice as to Counts III, IV, and IV. *See* (ECF No. 131). In January 2023, the District Judge granted summary judgment as to Count VII and entered final judgment in favor of the Point Blank Defendants.[4] *See* (ECF Nos. 133, 134). Therefore, the Point Blank Defendants have prevailed against Plaintiff on all counts. The instant Motion followed.[5] *See* (ECF No. 135).

---

[4] Plaintiff appealed the District Court's judgment against it and in favor of the Point Blank Defendants. *See* (ECF No. 145). In May 2023, the Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction because Plaintiff's claims against the Trigon Defendants remained pending. *See* (ECF No. 149).

[5] The parties disagree on whether a hearing is necessary. *Compare* (ECF No. 141 at 20) (Plaintiff's request for a hearing if the Court was to impose sanctions)*, with* (ECF No. 143 at 10) (the Point

3

## II.  LEGAL STANDARDS

**A. Rule 11 Sanctions**

The purpose of Rule 11 is "to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010). In relevant part, Rule 11 states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. Pro 11(b)(1)-(3). Accordingly, Rule 11 sanctions are proper when a party files a pleading: (i) with no reasonable factual basis; (ii) based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (iii) in bad faith for an improper purpose. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)).

In assessing the propriety of Rule 11 sanctions, a court conducts a two-step inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008) (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). "Frivolity is not

---

Blank Defendants' argument that a hearing is not necessary). The Court determines the Motion without a hearing.

4

measured by outcome." *Nationwide Van Lines, Inc. v. Transworld Movers, Inc.*, No. 18-CV-62833, 2020 WL 8620131, at *2 (S.D. Fla. Nov. 4, 2020), *report and recommendation adopted,* No. 18-CV-62833, 2021 WL 706014 (S.D. Fla. Feb. 23, 2021). Additionally, the Rule requires that an attorney filing a pleading in federal court must certify that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and is not presented for any improper purpose. *Byrne*, 261 F3d at 1105; *see also Worldwide Primates*, 87 F.3d at 1254 (noting that if an attorney fails to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound).

Rule 11 was amended to emphasize "the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 advisory committee note of 1993. Moreover, "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." *Id.* However, "[t]he court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.; Jones*, 49 F.3d at 695. Lastly, "[f]airly debatable legal contentions are beyond Rule 11's reach." *O'Boyle v. Sweetapple*, No. 14-CV-81250, 2016 WL 9559959, at *4 (S.D. Fla. May 17, 2016); *see also Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) ("Rule 11 is intended to deter claims with no factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment.").

In sum, Rule 11 sanctions are generally reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation or brought for an improper purpose." *Jacobi*, 2021 WL 8894793, at *4; *see also O'Boyle*, 2016 WL 9559959, at *4 (noting that "Rule 11 motions should be employed sparingly."). Moreover, even if the court

5

determines that a Rule 11violation has occurred, the decision whether to impose sanctions remains within the court's discretion. *Nationwide Van Lines,* 2020 WL 8620131, at *2.

### B. Law Regarding Trade Secret Claims (Counts III, IV, and V)

Counts III, IV, and V allege claims for violation of trade secrets. *See generally* (ECF No 72). To prevail on a FUTSA claim (Counts III and IV), Plaintiff must establish that: (i) it possessed a trade secret; and (ii) the secret was misappropriated. *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d 1279, 1297 (11th Cir. 2018) (citing *Advantor Sys. Corp. v. DRS Tech. Servs., Inc.*, 678 F. App'x 839, 853 (11th Cir. 2017)). Similarly, under the DTSA (Count V), "[a]n owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." *Springboard Media, LLC v. Augusta Hitech Soft Sols., LLC*, No. 22-CV-20191, 2022 WL 18465128, at *7 (S.D. Fla. June 14, 2022). Thus, federal and state trade secret claims fail if there is no misappropriation.

Further, "[i]n a trade secret action, the plaintiff bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy." *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998). Both FUTSA and DTSA require that the owner of trade secrets take steps to protect their secrecy. *Id.; see also Surfaces, Inc. v. Point Blank Enters., Inc.*, No. 20-CV-62648, 2022 WL 18956038, at *4 (S.D. Fla. Dec. 27, 2022); *Coihue, LLC v. PayAnyBiz, LLC*, No. 17-CV-24062, 2018 WL 7376908, at *4 (S.D. Fla. Feb. 6, 2018). Further, to qualify as a "trade secret" under FUTSA, the secret must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Fla. Stat. § 688.002(4)(b). Similarly, to qualify as a "trade secret" under

DTSA, the owner must take "reasonable measures to keep such information secret." 18 U.S.C. § 1839(3)(A).

### C. CFAA Claim (Count VII)

To state a claim under the CFAA, a plaintiff must allege: (i) that a defendant intentionally accessed a protected computer; (ii) without authorization or exceeding authorized access; (iii) the defendant thereby obtained information; and (iv) the plaintiff suffered damage or loss of at least $5,000. *See Fla. Atl. Univ. Bd. of Trs. v. Parsont*, 465 F. Supp. 3d 1279, 1289 (S.D. Fla. 2020). Although the CFAA does not define "without authorization," it defines "exceeds authorized access" as "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6); *see also EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 808 (11th Cir. 2017).

## III.    DISCUSSION

### A. The Parties' Position

The Point Blank Defendants assert several arguments in support of their request for Rule 11 sanctions against Plaintiff. As in their initial motion for sanctions, the Point Blank Defendants argue that: (i) Plaintiff had no evidence that the Point Blank Defendants used, tampered with, or disclosed the SPM technology/Demo Kit (ECF No. 135 at 11-12); (ii) Plaintiff failed to take reasonable steps to safeguard the alleged trade secrets (*Id.* at 12-13); (iii) the SPM technology is not a trade secret because it is patented (*Id.* at 13); (iv) the Point Blank Defendants did not have unauthorized access to the Demo Kit (*Id.* at 13-15); (v) Plaintiff's damages are nonexistent and speculative (*Id.* at 15, 143 at 9-10); and (vi) counsel knew or should have known that there was no basis to include the Point Blank Defendants in the lawsuit between the Trigon Defendants and Plaintiff. (ECF No. 135 at 15); *compare* (ECF No. 135) (the Motion)*, with* (ECF No. 87)

(Defendant's initial motion for Rule 11 sanctions). As sanctions, the Point Blank Defendants seek payment of their fees and costs incurred in defending this action. (ECF No. 135 at 15).

Plaintiff opposes the Motion on several grounds. *See generally* (ECF No. 141). In addition to requesting that the Court deny the Motion, Plaintiff seeks an award of attorneys' fees and costs in responding to the Motion. *Id.* at 2. In opposing the Motion, Plaintiff emphasizes that the District Judge's prior Orders granting Defendants' Motions to Dismiss found that "[n]othing in the record indicates misconduct on the part of Plaintiff." (ECF Nos. 70 at 14, 131 at 13); *see also* (ECF No. 141 at 1, 2, 6, 7, 14). Nonetheless, the undersigned finds that the District Judge's prior rulings are not dispositive of the Motion because the Court's statements were made in the context of its denial of attorney's fees under FUTSA/DTSA, and not in the context of Rule 11 sanctions. *See* (ECF Nos. 70 at 14, 131 at 13); *see also Healthcare Res. Mgmt. Grp., LLC v. EcoNatura All Healthy World, LLC*, No. 20-CV-81501, 2022 WL 1537752, at *14 (S.D. Fla. May 12, 2022) (noting that the law on Rule 11 sanctions is different from the law concerning bad faith under FUTSA/DTSA, and the standard for Rule 11 sanctions is easier to meet than DTSA's bad faith standard for an award of fees). Thus, Plaintiff's repeated reference to the District Judge's denial of fees under FUTSA/DTSA is inapposite.

The undersigned next considers the merits of the Point Blank Defendants' request for Rule 11 sanctions as applied to Plaintiff's alleged claims.[6] To reiterate, in evaluating whether Rule 11 sanctions are appropriate, the undersigned must determine whether Plaintiff's Second Amended

---

[6] The parties' briefs also include arguments that are marginally relevant to whether Rule 11 sanctions are warranted. *See, e.g.*, (ECF No. 135 at 4-8) (discussing the various businesses (including Plaintiff's successor), transfers of intellectual property to Plaintiff, Plaintiff's creation, and Plaintiff's relationship with the Trigon Defendants); (*Id.* at 15) (summarily arguing that Plaintiff's damages are nonexistent/speculative and that counsel knew or should have known that the claims are objectively frivolous); (ECF No. 141 at 2-8) (lengthy history of alleged facts unnecessary to evaluate whether Rule 11 sanctions are warranted); (ECF No. 143 at 6-8) (addressing alleged inaccuracies in Plaintiff's response that are not relevant to Rule 11 sanctions).

Complaint: (i) had no reasonable factual basis; or (ii) was asserted in bad faith for an improper purpose. *Worldwide Primates,* 87 F.3d at 1254. In this regard, the Court must also assess whether: (i) the party's claims are objectively frivolous; and (ii) the person who signed the pleadings should have been aware that they were frivolous. *Byrne*, 261 F.3d at 1105.

### B. Evaluation of the Trade Secret Claims (Counts III, IV, and V)

In granting Defendants' Motion to Dismiss Counts III, IV, and V, the District Court found that:

> Plaintiff ha[d] not pled that it took any steps to safeguard its trade secrets as between itself and Defendants[.] Plaintiff cites to no authority for its proposition that a motive for not instituting a safeguard of trade secrets absolves Plaintiff of the responsibility to protect its trade secret. While Plaintiff was aware that Defendants had possession of the Demo Kit, the only step Plaintiff took to protect its trade secrets was to ask Defendants to return the Demo Kit after Defendants told Plaintiff that they would be putting the business discussions with Plaintiff on hold until Plaintiff and the Trigon Defendants resolved their issues. There are no allegations of fact that Plaintiff attempted to take any measures, let alone reasonable measures, to protect Plaintiff's trade secrets vis-à-vis Defendants. Accordingly, Plaintiff has failed to adequately plead claims for misappropriation of trade secrets against Defendants, and Counts III, IV, and V are dismissed with prejudice as against Defendants.

(ECF No. 131 at 9-10).

Despite these pleading deficiencies, the undersigned cannot conclude that the claims for misappropriation, at the time the Second Amended Complaint was filed, were so frivolous or lacking in factual or legal support as to warrant the imposition of Rule 11 sanctions. *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 1235, 1239 (S.D. Fla. 2008) (noting that the Rule 11 inquiry focuses on the "merits of the pleading gleaned from facts and law known or available to the attorney *at the time of filing*.") (citation omitted) (emphasis added).

The Court's conclusion is supported by the parties' disputed facts. For example, the Point Blank Defendants argue that the depositions of Plaintiff's witnesses reveal that Plaintiff had no factual basis/evidence to support the misappropriation claims, including the claim that the Point

9

Blank Defendant used/disclosed the SPM technology/Demo Kit. *See, e.g.*, (ECF No. 135 at 3, 12). Conversely, Plaintiff confirms that its "claims of misappropriation [under both FUTSA and DTSA] were based on the Point Blank Defendants' possession of the Demo Kit after authority was revoked, the reversal of [the Point Blank Defendants'] agreement to return the Demo Kit to Plaintiff, [alleged] lies about when [Mr. Foreman] gave the Demo Kit to the Trigon Defendants[,] and other circumstantial evidence." (ECF No. 141 at 15). Further, according to Plaintiff, the undisputed facts regarding the possession/return of the Demo Kit through the Trigon Defendants support a good faith basis for asserting misappropriation claims against the Point Blank Defendants who knew of the dispute between Plaintiff and the Trigon Defendants when returning the Demo Kit. *Id.* at 15-16.

In addition, despite the District Court's dismissal of Plaintiff's claims, Plaintiff argues that it took reasonable steps to safeguard its trade secret by demanding the return of the Demo Kit immediately upon realizing that the Point Blank Defendants and Plaintiff were no longer negotiating on a friendly basis. *Id.* at 17. Given these factual disputes, the undersigned cannot find that there is no reasonable factual basis for Plaintiff's assertion of the misappropriation claims. *See, e.g., Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 446 (5th Cir. 1992)[7](noting that a party should be given some leeway in making allegations about matters that cannot be ascertained easily from extrinsic evidence); *Earthcam, Inc. v. Oxblue Corp.*, No. 11-CV-2278-WSD, 2014 WL 793522, at *4 (N.D. Ga. Feb. 26, 2014) (denying Rule 11 sanctions where plaintiff's arguments are arguably creditable and there is an insufficient basis for sanctions); *Gelles v. Skrotsky*, 15 F. Supp. 2d 1293, 1297 (M.D. Fla. 1998) ("[S]anctions are reserved for deliberate, frivolous, and wanton causes of action—not merely actions dismissed upon motion.").

---

[7] Pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit.

10

Further, although the Point Blank Defendants argue that the only reason they were brought into this litigation was because "[Plaintiff] hoped that Point Blank—a very successful and reputable business—would simply capitulate and settle to avoid frivolous litigation," *see* (ECF No. 135 at 2), the record is insufficient to demonstrate that the misappropriation claims were alleged in bad faith for an improper purpose. *See, e.g.*, *Gelles*, 15 F. Supp. 2d at 1296 (declining Rule 11 sanctions for alleged bad-faith motives where defendant could not prove that plaintiff lied about the facts of the case and the court could not say with certainty that plaintiff's arguments were made with knowledge of their falsity).

Accordingly, the Motion for Rule 11 sanctions based on Plaintiff's misappropriation claims (Counts III, IV, and V) is denied.

### C. CFAA Claim (Count VII)

The District Judge also granted summary judgment in favor of the Point Blank Defendants on Count VII, which alleges claims of computer fraud and abuse under the CFAA. *See generally* (ECF No. 133). More specifically, the District Court considered the undisputed facts and concluded that "Plaintiff had not presented any evidence that [the Point Blank] Defendants accessed the internal plastic enclosure [in the Demo Kit] containing the confidential information." *Id.* at 7-8. Further, "Plaintiff's reliance on Defendants' retention of the Demo Kit for three days after Plaintiff demanded that it be returned, without more, [was] insufficient to establish that Defendants accessed the Demo Kit." *Id.* at 8.

In the Motion, the Point Blank Defendants reiterate that Plaintiff has no evidence to support its CFAA claim. (ECF No. 135 at 15). Defendant references deposition testimony to show that Plaintiff did not inspect the Demo Kit until more than nine months after the Trigon Defendant returned it. *Id.* at 14-15. In response, Plaintiff emphasizes that it revoked access to the Demo Kit and requested its immediate return from Mr. Foreman, who only returned it to the Trigon

Defendants days later. (ECF No. 141 at 18). Based on the allegations and the competing factual scenarios, Plaintiff's CFAA claim (Count VII) is not objectively frivolous so as to support the imposition of Rule 11 sanctions.

Simply put, this is not the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation or brought for an improper purpose." *Clemons v. Cutler Ridge Auto., LLC*, No. 06-21648-CIV, 2008 WL 11409007, at *4 (S.D. Fla. June 24, 2008), *report and recommendation adopted,* 2008 WL 11409011 (S.D. Fla. July 14, 2008). Moreover, the Court is to "avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Id.*; *see also Jones*, 49 F.3d at 695.

### IV.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that the Point Blank Defendants' Motion for Sanctions under Rule 11 (ECF No. 135) is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on July 28, 2023.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
   All Counsel of Record